# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-788V
Filed: August 13, 2014

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ADRIENNE N. SEVERT, | * | **UNPUBLISHED** |
| | * | |
| Petitioner, | * | |
| | * | Special Master Gowen |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Dismissal Motion; |
| AND HUMAN SERVICES, | * | Insufficient Proof of Causation; |
| | * | Vaccine Act Entitlement; Dtap |
| | * | Influenza ("Flu") Vaccine; |
| Respondent. | * | Leukocytoclastic Vasculitis. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Jason Sorel, Brewer, Brewer & Sorel, PLLC, Wilkesboro, NC, for petitioner.
Ryan Pyles, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On October 10, 2013, Adrienne Severt ("petitioner") filed a petition pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleges that, as a result of receiving a trivalent influenza vaccination on October 11, 2010, she suffered from leukocytoclastic vasculitis.

On August 11, 2014, petitioner filed a motion for a decision dismissing her petition. In her motion, petitioner states that "[a]n investigation of the facts and science supporting her case has demonstrated that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Petitioner states that it would be unreasonable to proceed further, that she understands that a decision dismissing her petition will result in a judgment against her, and that she has been advised that such a judgment will end all of her rights in the Vaccine Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

Petitioner also states that she intends to protect her rights to file a civil action in the future. According to petitioner, respondent reserves the right to raise an objection to any future motion by petitioner for fees and costs, but otherwise does not oppose petitioner's motion.

To receive compensation under the Vaccine Act, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). The undersigned finds that petitioner has not provided preponderant evidence that she suffered a "Table Injury."

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. The petition must be supported by either medical records or the opinion of a competent physician. § 300aa-13(a)(1). Here, because the medical records alone are insufficient to establish entitlement to compensation, a medical opinion connecting the injury and vaccination must be offered in support. However, petitioner has provided no such opinion.

The only remaining alternative is to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Thomas L. Gowen
Thomas L. Gowen
Special Master